# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
## 1:08cv406

| | |
|---|---|
| **BILLY RAY JORDAN,** )<br>)<br>Plaintiff, )<br>)<br>Vs. )<br>)<br>**INTERSTATE ROAD MANAGEMENT** )<br>**CORP.,** )<br>)<br>Defendant. )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the court on B. B. Massagee III's and Steven J. Allen's Motion to Be Released(#9) which the court considers to be a Motion to Withdraw. Having considered Mr. Massagee III's and Mr. Allen's motion and reviewed the pleadings, and it appearing that the client opposes such relief, the court enters the following Order setting the matter for hearing.

At the hearing the court will also address a matter which appears from the face of the pleadings. It appears from the Complaint that plaintiff is attempting to bring a Title VII discrimination claim against defendant based on sexual preference. There is, however, no such cause of action under Title VII. See <u>Hopkins v. Baltimore gas & Elec. Co.</u>, 77 F.3d 745, 751-52 (4th Cir. 1996)(holding bisexuality orientation not

-1-

protected under Title VII); Shaver v. Cooleemee Vol. Fire Dept., 2008 WL 942560 (M.D.N.C. 2008).[1]  While defendant has moved to dismiss in its Answer based on failure to state a claim, the issue has not been specifically raised or briefed.  Further, the Complaint is less than clear as to whether plaintiff is alleging only discrimination based on sexual preference or whether he is also alleging claims for: (1) same-sex sexual harassment under Title VII, which would be cognizable under Oncale v. Sundowner offshore Serv., Inc., 523 U.S. 75 (1998); and (2) retaliation for opposing what he perceived to either be sexual harassment and/or sexual discrimination, which would be cognizable under current case law.  See Ford v. Rigidply Rafters, Inc., 999 F.Supp. 647 (D.Md. 1998).  The problem appears to stem from the drafting of the Complaint inasmuch as what may well be three distinct causes of action have been lumped together and not set out as individual causes of action.

The court hesitates to allow counsel for plaintiff to withdraw based on "costs of discovery" if in fact this action should not move forward to the discovery stage.  Further, the court also hesitates to allow the withdrawal where the Complaint leaves the court in doubt as to exactly what claims have been alleged.  Counsel for plaintiff, in consultation with their client and with opposing counsel, may wish to consider

---

[1] Due to the limits of Electronic Case Filing, a copy of such unpublished decision is placed in the electronic docket through incorporation of the Westlaw citation.

amendment of such pleading in advance of the hearing.

**ORDER**

**IT IS, THEREFORE, ORDERED** that B. B. Massagee III's and Steven J. Allen's Motion to Be Released (#9) which will be heard as a Motion to Withdraw is **CALENDARED** for hearing on Thursday, October 23, 2008, at 11 a.m. Counsel for plaintiff shall provide their client with notice of such hearing and inform the client that his presence is required. All counsel of record shall be present.

Signed: October 16, 2008

Dennis L. Howell
United States Magistrate Judge