# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:08cv406

| BILLY RAY JORDAN, | ) | |
| --- | --- | --- |
| Plaintiff, | ) | |
| | ) | *ROSEBORO* |
| Vs. | ) | ORDER |
| | ) | |
| INTERSTATE ROAD MANAGEMENT CORP., | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on defendant's Motion to Dismiss the Amended Complaint (#22). Plaintiff is now proceeding pro se and will be advised herein as to his rights and obligations in responding to defendant's motion in accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975).

Plaintiff, who is proceeding *pro se*, is cautioned that he carries a heavy burden in responding to a motion to dismiss for failure to state a cause of action. Rule 12(b)(6), Federal Rules of Civil Procedure, provides for dismissal where a party has failed to state a cause of action as a matter of law. In this case, the moving defendant contends that no cause has been stated under Title VII because: (1) sexual preference is not a protected status as a matter of law; (2) plaintiff has not alleged that he was

exposed to sexually motivated harassment or that he was sexually harassed because he is male; and (3) he has not stated an actionable claim for retaliation because the underlying charge of discrimination is not cognizable.

Plaintiff is advised that defendant has correctly summarized the law concerning Title VII, which is that Congress has not deemed it appropriate to provide homosexuals with a cause of action under Title VII based on hostility towards that person in the workplace based on their sexual orientation, unless that hostility is based on sexual desire of the offending party, no matter how deplorable that hostility may be.

Plaintiff is advised that in responding to the motion, he will need to show the court law that he believes justifies his claim that a cause of action exists under Title VII. Plaintiff is advised that such response must be in writing and filed with the court by December 19, 2008. He is further advised that he must mail a copy to defendant's lawyers.

Plaintiff is further advised that he has the right to terminate this case on his own, that is, without a court order or permission of the other side. Plaintiff is advised that Rule 41(a)(1), Federal Rules of Civil Procedure, allows him to voluntarily dismiss this case before defendant files either an answer or a motion for summary judgment. Plaintiff is advised that a voluntary dismissal has consequences and that

if he previously dismissed this case either in state or federal court, then such a voluntary dismissal would operate as an adjudication of this claim on the merits. Plaintiff is advised that the statute of limitations that would apply to his claim as well as any deadline for filing a claim after a right to sue letter issued would continue to run, either of which could bar the later refiling of this action. To conclude, plaintiff is advised that while he has a right to file a voluntary dismissal, he should carefully consider that option as any number of factors including the mere passage of time may prevent him from refiling this action at a later date. If, however, plaintiff believes that defendant is correct in its motion and that he cannot argue in good faith that he has a cause of action, then it would be appropriate to take a voluntary dismissal.

## ORDER

**IT IS, THEREFORE, ORDERED** that plaintiff respond to defendant's Motion to Dismiss not later than December 19, 2008.

Signed: December 1, 2008

Dennis L. Howell
United States Magistrate Judge